BANK OF THE
COMMONWEALTH
*vs*
PATTERSON.

---

MOTION.

*Case* 124.

## Bank of the Commonwealth *vs* Patterson.

ERROR TO THE RUSSELL CIRCUIT.

*Motion. Release of surety on replevin bond.*

*May* 25.

The 19th sec. of
the statute of
1828, (*Statute
Law*, 645,) ap-
plies as well to
the issue of a
second execu-
tion after one has
already issued on
a replevin bond
as to the first; a
lapse of twelve
months at any
time when exe-
cution might
have issued, re-
leases the surety
in replevin bond,
and other bonds
having the force
of a judgment.

JUDGE MARSHALL delivered the Opinion of the Court,

IT seems to this Court that the 19th section of the act of 1828, relating to executions, (*Stat. Law*, 645,) which releases a security in any bond having the force of a judgment on the failure of the plaintiff therein, at any time for the space of twelve months after execution is due him, to issue execution thereon, *bona fide*, with a view to the collection of the debt, applies not only to a failure to issue execution for twelve months immediately after the bond falls due, but also to any failure for the same length of time to issue a subsequent execution after a previous one has been returned and not satisfied; for not only is there the same reason for the release of the security in the latter case as in the former, but as upon the return of one execution not satisfied another execution is due the plaintiff on the bond, this case, as well as the first, comes substantially within the terms of the statute. Nor is the case changed, in our opinion, when the previous execution is levied on property of the principal, and the plaintiff fails for a year to issue a *venditioni ex-*

*ponas.* The statute makes no exception from the declared consequence of the failure to issue execution for twelve months, but in case of such failure being caused by a supersedeas or injunction; and certainly the failure to compel a sale of the goods of the principal actually taken in execution for a year, in which time they may perish or be lost, would seem to furnish as just a ground for the release of the surety as the failure to seize such goods for the same period.

In this case there appears to have been a suspension of all means for compelling a sale of the property levied on, for two or three years, from 1834 to 1836 or 1837, and on the subsequent *venditioni exponas,* no sale was effected; but the Sheriff in his return states that the property was returned to the defendants, and it does not appear that the suspension of execution, as above stated, was occasioned by supersedeas or injunction. Under these circumstances we are of opinion, that the security was released, and that the Court did not err in directing the Clerk to indorse that fact upon the subsequent execution and upon all executions which might afterwards issue, as provided for by the statute.

Wherefore, the order and judgment of the Court, directing said endorsement, is affirmed.

*Cates & Lindsey* for plaintiff; *Owsley & Goodloe* for defendant.